IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

```
CARL J. HASKINS, JR.,           )
                                )
        Plaintiff,              )
                                )
    v.                          )  Civ. No. 05-570-KAJ
                                )
DELAWARE DEPARTMENT OF          )
CORRECTIONS, LAURIE PESACK,     )
ALLISON JUSTINO, JEFF KAY,      )
LORREN PRESS, CHRIS SHEMM,      )
and DELAWARE PAROLE BOARD,      )
                                )
        Defendants.             )
```

**ORDER**

1. The plaintiff Carl J. Haskins, Jr., SBI # 211803, a pro se litigant who is presently incarcerated, has filed this action pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The plaintiff alleges that the defendants have violated his constitutional rights by subjecting him to an unlawful search and seizure, as well as an unlawful imprisonment regarding his probation. (D.I. 2)

2. Under 28 U.S.C. § 1915(g), a prisoner cannot bring a new civil action or appeal a judgment in a civil action in forma pauperis if he or she has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. The

only exception to this is if the prisoner is in imminent danger of serious physical injury. A prisoner who is not proceeding <u>in forma pauperis</u> may file a new civil action or appeal even if that prisoner has three or more dismissals described in 28 U.S.C. 1915(g).

  3. Regardless of whether a prisoner proceeds <u>in forma pauperis</u> in a civil case, if at any time the prisoner's case is dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted, the dismissal will count against the prisoner for purposes of the three-dismissal rule in 28 U.S.C. § 1915(g). In <u>Keener v. Pennsylvania Bd. of Probation & Parole</u>, 128 F.3d 143 (3d Cir. 1997), the Court held that a dismissal as frivolous prior to the Prisoner Litigation Reform Act's enactment counts towards the "three strikes" rule.

  4. The plaintiff, while incarcerated, has filed at least four civil actions that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. <u>See</u> <u>Haskins v. State</u>, CA No. 92-161-LON, D. Del. (<u>dismissed</u> March 30, 1992); <u>Haskins v. Herlihy</u>, CA No. 91-429-JLL, D. Del. (<u>dismissed</u> August 5, 1991); <u>Haskins v. Capone</u>, CA No. 90-183-JLL D. Del. (<u>dismissed</u> May 30, 1990); and <u>Haskins v. Jennings</u>, CA No. 89-380-LON, D. Del. (<u>dismissed</u> March 23, 1990). Therefore, the plaintiff may not file another civil action <u>in forma pauperis</u> while incarcerated unless he is in "imminent danger of serious

physical injury." 28 U.S.C. § 1915(g). The plaintiff's complaint does not meet that standard.

5. Leave to proceed <u>in forma pauperis</u> is denied. However, the plaintiff is given thirty (30) days from the date this order is sent to pay the $250.00 filing fee. If the plaintiff does not pay the filing fee within that time, the complaint shall be dismissed pursuant to 28 U.S.C. § 1915(g).

6. To the extent the plaintiff seeks release, such relief is only available under 28 U.S.C. § 2254.

DATED: 9/19/05

United States District Judge